IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

LONNIE WORDS, JR., )
)
                Plaintiff, )
)
v. ) No. 12-0591-SSA-CV-W-MJW
)
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
)
                Defendant. )

## ORDER

Plaintiff Lonnie Words, Jr., seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. The parties' briefs are fully submitted, and an oral argument was held on April 4, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff alleges disability beginning December 5, 2008. Plaintiff has the following severe impairments: status post right knee arthroscopic surgery and complaints of wrist pain.

The administrative law judge (ALJ) found that plaintiff retained the residual functional capacity (RFC) to perform light work, but with some limitations to account for his impairments.

Plaintiff's arguments are primarily that the ALJ did not properly weigh the medical opinions of record, including improperly cherry-picking from them; that plaintiff's general office work should not have been considered as past relevant work; and that the ALJ failed to do a function-by-function analysis of the physical and mental demands of plaintiff's past relevant work, and instead, improperly relied on the vocational expert's testimony.

In response, the Commissioner argues that plaintiff received minimal and conservative treatment for his impairments; the ALJ properly weighed the medical evidence of record; the ALJ is not required to accept any particular medical opinion, or even accept all aspects of a medical opinion to which weight is given; the ALJ gave valid reasons for discounting plaintiff's credibility; and plaintiff's general clerk position met the definition of past relevant work.

Upon review, this Court finds the ALJ's decision is supported by substantial evidence in the record.

The ALJ did not err in weighing the medical evidence of record. Plaintiff's argument that the ALJ failed to give proper weight to Dr. Lee's functional assessment in the RFC is without merit. The ALJ explained that she credited portions of the assessment that were supported by Dr. Lee's examination and the record as a whole. The ALJ noted she did not credit all opinions of Dr. Lee because the record as a whole, including Dr. Lee's notes and evidence from other doctors, did not support all of the limitations opined. The Eighth Circuit has specifically held that when determining a claimant's RFC, the ALJ is not required to rely on just one medical opinion in the record. In Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011), the court held that "the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians."

The ALJ did not err in discounting plaintiff's credibility. An ALJ may discount allegations of disabling limitations based on inconsistencies in the record. Goff v. Barnhart, 421 F.3d 785, 790-91 (8th Cir. 2005). Here the ALJ noted plaintiff had received minimal and conservative treatment for his alleged impairments. The ALJ further noted inconsistencies between plaintiff's daily activities and claimed impairments, as well as inconsistencies in plaintiff's work history and income reports. Because the ALJ is in a better position to evaluate credibility, the court defers to the ALJ's credibility determinations as long as they are supported by good reasons and substantial evidence; here, the ALJ's credibility finding is properly supported. Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006).

The ALJ did not err in determining plaintiff could do his past relevant work as a general clerk and that such past relevant work was substantial gainful activity. The ALJ properly relied on the evidence of record and the testimony of a vocational expert in making her determinations as to plaintiff's ability to do past relevant work. Because plaintiff's RFC included light work, he was able to work as a general clerk, as generally performed in the national economy and as he had performed the job previously.

Moreover, the evidence supports that plaintiff's work as a general clerk meets the definition of past relevant work. Moad v. Massanari, 260 F.3d 887, 890 (8th Cir. 2001); 20 C.F.R. § 404.1565(a). A job is past relevant work if it was done within the last 15 years, lasted

long enough for the claimant to learn to do it and was substantial gainful activity. Id. Work is substantial even if it is done on a part-time basis or if the claimant does less, gets paid less or has less responsibility than previous work. Id.

To the extent plaintiff argues the ALJ failed to make explicit findings regarding the demands of his past work at step four, this argument is simply unsupportable where, as here, the ALJ relied on vocational expert testimony to help her make the comparison between past relevant work and the RFC at step 4. Wagner v. Astrue, 499 F.3d 842, 854 (8th Cir. 2007) (the ALJ may rely on the testimony of vocational expert at step 4); 20 C.F.R. § 404.1560(b)(2).

**Conclusion**

There is substantial evidence in the record to support that plaintiff can perform his past work as a general clerk, and thus, the ALJ properly found that plaintiff was not disabled.[2]

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 8th day of April, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

---

[2] Plaintiff's arguments in support of this appeal were carefully and fully considered. Any arguments that are not specifically discussed in this order have been considered and determined to be without merit. This Court finds there is substantial evidence in the record to support the decision of the ALJ.

4